

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOSEPH CARRILLO,          )
                                 )
        Plaintiff(s),           )   No. C 06-4845 CRB (PR)
                                 )
vs.                              )   ORDER OF DISMISSAL
                                 )
MIKE EVANS, Warden, et al.,      )
                                 )
        Defendant(s).           )
                                 )
_____  )

      Plaintiff, a state prisoner at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 attacking the validity of two convictions and sentences obtained from the Superior Court of the State of California in and for the County of Monterey. He also seeks damages for wrongful conviction and imprisonment.

      It is well-established that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff's claim for dismissal of his convictions and/or release from prison is dismissed without prejudice to filing a petition for a writ of habeas

corpus under 28 U.S.C. § 2254.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Plaintiff's claim for damages for wrongful conviction and imprisonment must also be dismissed without prejudice under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994).  See Trimble, 49 F.3d at 585.  In Heck, the Supreme Court made clear that a claim for damages for unlawful conviction or imprisonment, such as petitioner's, is not cognizable under § 1983 until the conviction or sentence at issue is invalidated.  See Heck, 512 U.S. at 486-87.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.  No fee is due.[1]

SO ORDERED.

DATED:  August 21, 2006

CHARLES R. BREYER
United States District Judge

---

[1] To whatever extent plaintiff wishes to challenge the conditions of his confinement, he must file a civil rights complaint under § 1983 after exhausting all available administrative remedies.  See 42 U.S.C. § 1997e(a).  Conclusory allegations of wrongdoing are not enough.  Plaintiff must specifically allege how each defendant actually and proximately caused the deprivation of his Eighth Amendment right to be free from cruel and unusual punishment.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).

2